UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HARLEE G. VINEYARD, | ) |
| Plaintiff | ) |
| vs. | ) CASE NO. 2:23-cv-186 |
| VO LOGISTICS, INC., | ) |
| Defendant | ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES***

Comes now Plaintiff Harlee G. Vineyard (hereinafter "Vineyard"), by counsel, and for her claims against Defendant VO Logistics, Inc. (hereinafter "VO Logistics"), alleges and says:

*I. FACTUAL ALLEGATIONS*

1. Vineyard is a resident of the State of Indiana, and is domiciled in Lewis, Sullivan County, Indiana.

2. VO Logistics is a Fed Ex delivery contractor operating a depot in Vigo County, Indiana at 2501 Sycamore Terrace Street, Terre Haute, Indiana 47803.

3. VO Logistics hired Vineyard to work for it as a delivery person on March 7, 2023. VO Logistics promised Vineyard a job as a delivery driver. VO Logistics advertised the employment position of delivery driver that it hired Vineyard to perform as paying a day rate ranging between $140.00 per day and $175.00 per day.

4. VO Logistics never paid Vineyard any wages at all for her work. Vineyard worked for VO Logistics on at least the following days: March 7, 8, 9, 10, 11, 13, 14, 15, 17, 18, 20, 21, 22, 24 and 25. Vineyard worked full eight hour days each day. VO Logistics did not

permit Vineyard to drive her own truck, but instead instructed Vineyard to ride along with another employee and deliver Fed Ex packages to homes. Vineyard's delivery routes were generally in areas south of the city of Terre Haute, Indiana. The drivers Vineyard remembers riding with and delivering packages for included employees named Arial, Josh, Brandon, Gina and Tasha.

5. Vineyard's immediate supervisor with VO Logistics was Gary Fagg.

6. VO Logistics promised Vineyard it would pay her wages every week on Saturday. It did not.

7. VO Logistics, speaking through Gary Fagg, terminated Vineyard on March 25, 2023. Mr. Fagg stated only that the company had decided to part ways with her.

8. Multiple Saturdays have passed now since her termination - March 25th, April 1st and April 8th - and VO Logistics has still not paid Vineyard any wages for the work she performed on the days from March 7, 2023 through March 25, 2023.

9. In addition to paying no wages to Vineyard - which includes, but is not limited to, any minimum wages owed under the Fair Labor Standards Act - VO Logistics took an illegal kickback that further reduced minimum wages owed to Vineyard when it made Vineyard pay at least $40.00 for required company uniforms.

10. Before any liquidated damages are applied, Vineyard is owed more than $1,000.00 in wages by VO Logistics.

11. VO Logistics failed and refused to pay Vineyard for all of her hours worked in her weeks of employment.

12. VO Logistics intentionally and knowingly violated Vineyard's rights under the FLSA, Indiana's Minimum Wage Law of 1965, and the Indiana Wage Claims Act, including

Vineyard's right to be paid a minimum wage, to be paid overtime wages for hours worked in excess of 40 in a week, and her right to be paid for all of her hours worked. By way of this Complaint, Vineyard is seeking all available damages, including, but not limited to, all unpaid wages, all minimum wages, all overtime compensation, all liquidated and/or statutory damages, plus payment of her reasonable attorney's fees, costs and expenses.

## II.  JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331, 28 USC § 1343, 29 USC § 201 et seq, and supplemental jurisdiction over Plaintiff's related wage claims raised under Indiana law.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## III.  PARTIES

15. Vineyard is currently domiciled in and a resident of Sullivan County, Indiana.

16. VO Logistics employed Vineyard to work for it from its location in Vigo County, Indiana.

## IV.  ADMINISTRATIVE PROCEDURES

17. Because she was terminated, Vineyard reported VO Logistics' failure to pay her wages for all hours worked to the Indiana Department of Labor, Wage and Hour Division. Vineyard has obtained permission to pursue this matter privately, with her attorney serving as the Indiana Attorney General's "designee." That permission was issued by letter on April 5, 2023. This permission allows Vineyard to pursue her wage claim under I.C. 22-2-9-2 and I.C. 22-2-9-4, utilizing the remedial provisions of I.C. 22-2-5-2.

## V.  STATEMENT OF CLAIMS

### A. Claims Under the Fair Labor Standards Act

18. Vineyard incorporates herein by reference paragraphs 1 through 17 above.

19. VO Logistics is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. VO Logistics is an "employer," as that term is defined by the FLSA. Finally, VO Logistics is a "person" as that term is defined by the FLSA.

20. VO Logistics has violated Vineyard's rights to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Vineyard was a non-exempt employee and was certainly entitled to payment of, at least, a minimum wage of at least $7.25 per hour. Vineyard was entitled to be paid for all of her hours worked and to be paid at an overtime rate, for all hours worked each week in excess of 40.

21. VO Logistics' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

22. Vineyard seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for the Defendant's violations of the Fair Labor Standards Act.

### B. Claims for Unpaid Minimum Wages and Overtime Compensation Under the Indiana Minimum Wage Law of 1965

23. Vineyard incorporates herein by reference paragraphs 1 through 22 above.

24. Vineyard pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that VO Logistics does not meet the FLSA's definition of "enterprise." If VO Logistics is not an FLSA "enterprise," then VO Logistics is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or

more employees at all times relevant to the events described in this complaint.

25. Vineyard was a non-exempt employee. VO Logistics violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing to pay Vineyard at all for a significant number of hours worked. Additionally, VO Logistics violated the Indiana Minimum Wage Law of 1965's overtime provisions by failing and refusing to pay Vineyard at an overtime rate for hours worked in excess of forty in a calendar week.

26 VO Logistics' failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding minimum wages and overtime compensation was and is willful and without justification.

27. Vineyard seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for VO Logistics' violations of the Indiana Minimum Wage Law of 1965.

### C. Indiana Wage Claims Statute Claim

28. Vineyard incorporates herein by reference paragraphs 1 through 27 above.

29. Vineyard's claim against VO Logistics arises under the Indiana Wage Claims Act, I.C. 22-2-9.

30. Because Vineyard was terminated involuntarily, Vineyard reported VO Logistics' wage violations to the Indiana Department of Labor, Wage and Hour Division, and she has obtained permission to pursue this matter privately, with her attorney serving as the Indiana Attorney General's "designee." That permission was issued to her by letter dated April 5, 2023. This permission allows Vineyard to pursue her wage claim under I.C. 22-2-9-2 and I.C. 22-2-9-4, utilizing the remedial provisions of I.C. 22-2-5-2.

31. By way of this Complaint, Vineyard is seeking all available damages, including unpaid wages, liquidated damages, plus any and all attorney's fees, costs, and expenses, and any other damage which she may be entitled pursuant to Indiana Law. Pursuant to the Indiana Wage Claims Act, which incorporates I.C. 22-2-5-2, Vineyard is seeking payment of unpaid wages and all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all of her attorney's fees, costs and expenses.

32. VO Logistics' failure and refusal to pay Vineyard any wages at all for her work over the three week period of time was an act of bad faith. Moreover, VO Logistics' failure to pay Vineyard any wages at all was not a good faith attempt to comply with Indiana's wage statutes.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Harlee G. Vineyard, respectfully requests that the Court enter judgment against each Defendant VO Logistics Inc., holding the Defendant liable to her for violations of the FLSA, the Indiana Wage Claims Statute and/or the Indiana Minimum Wage Law of 1965, and issue to her all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All damages available under the Indiana Wage Claims Act, including all unpaid wages, all statutory/liquidated damages, plus payment of all reasonable attorney's

      fees, costs and expenses;

4.    Costs;

5.    Pre-judgment interest, if available; and

6.    Any and all other relief just and proper in the premises.

                         Respectfully submitted,

                         HASSLER KONDRAS MILLER LLP


                         By/s/Robert P. Kondras, Jr.
                            Robert P. Kondras, Jr.
                            Attorney No. 18038-84
                            100 Cherry Street
                            Terre Haute, IN 47807
                            (812) 232-9691
                            Facsimile: (812) 234-2881
                            kondras@hkmlawfirm.com