UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HARLEE G. VINEYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00186-MPB-MJD |
| | ) | |
| VO LOGISTICS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Serve First Amended Complaint by Publication, [Dkt. 11]. The motion requests leave to serve Defendants VO Logistics, Inc. ("VO Logistics"), and Juan Carwell with Plaintiff's complaint and summons via publication in a newspaper. For the reasons explained below, Plaintiff's motion is **DENIED IN PART** and **TAKEN UNDER ADVISEMENT IN PART.**

Plaintiff filed this claim for unpaid wages against Defendant VO Logistics on April 12, 2023, [Dkt. 1], and amended her complaint to add Defendant Carwell on May 25, 2023, [Dkt. 10]. The instant motion explains that Plaintiff has attempted without success to serve Defendant VO Logistics, Defendant's VO Logistics' registered agent, Defendant Carwell, and Defendant VO Logistics' highest known ranking officer with the complaint and summons personally at its registered address listed with the Indiana Secretary of State, personally at its principal office address listed with the Indiana Secretary of State, and personally at an alternate office address. [Dkt. 11 at 1-2.] Plaintiff also explains that she has been unable to determine any other addresses where Defendant might be found, *id.* at 2, and has been unable to contact Defendant

via internet or telephone, *id*. Accordingly, as Fed. R. Civ. P. 4(e)(1) provides for service in this case under Indiana state law, Plaintiff seeks leave to serve the Defendants under Indiana Trial Rule 4.13, which allows for service by publication when a Plaintiff can demonstrate that "a diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state." *Id.* at 2. Specifically, Plaintiff seeks leave to serve the summons and complaint on the Defendants via "publication in the Terre Haute Tribune Star newspaper." [Dkt. 11 at 3.]

      As a starting point, Federal Rule 4(e) permits serving individuals by following the state law governing methods of service in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). In turn, Indiana Trial Rule 4.13(A) provides that Plaintiff "shall submit [her] request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published. The summons shall be signed by the clerk of the court or the sheriff in such manner as to indicate that it is made by his authority." Ind. Trial R. 4.13(A).

      Here, Plaintiff has been unable to serve Defendants pursuant to Ind. Trial R. 4.6. However, Indiana Trial Rule 4.4 provides, in relevant part, that any

> organization. . . whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent: (1) doing any business in this state; [or] (2) causing personal injury or property damage by an act or omission done within this state.

Ind. Trial R. 4.4(A). Because Defendant VO Logistics is registered to do business within Indiana, it is subject to Ind. Trial R. 4.4(B)(2) and thus "shall be deemed to have appointed the Secretary of State as [its] agent upon whom service of summons may be made." In the interests of justice and protecting Defendant VO Logistics' due process rights, Plaintiff shall serve the

Indiana Secretary of State as Defendant VO Logistics' appointed agent to whom service may be made as provided in Ind. Trial R. 4.10.  Thus, Plaintiff's Motion for Leave to Serve First Amended Complaint by Publication as to Defendant VO Logistics is **DENIED**, as effecting service by serving the Indiana Secretary of State is a far more efficient course of action.

Plaintiff shall serve a copy of the Summons and Complaint on Defendant VO Logistics via its constructively appointed agent, the Indiana Secretary of State, in compliance with Ind. Trial R. 4.10.  If Defendant VO Logistics appears after having been served, it is likely that Plaintiff will be able to obtain the information necessary to serve Defendant Carwell at that time.  Accordingly, Plaintiff's Motion for Leave to Serve First Amended Complaint by Publication is **TAKEN UNDER ADVISEMENT** as to individual Defendant Carwell.

SO ORDERED.

Dated:  30 MAY 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.