**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| HARLEE G. VINEYARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CASE NO. 2-23-cv-00186-MPB-MJD |
| ) | |
| VO LOGISTICS, INC. and ) | |
| JUAN CARWELL, ) | |
| ) | |
| Defendants ) | |

### ORDER AWARDING DAMAGES ON DEFAULT JUDGMENT

Comes now Plaintiff Harlee G. Vineyard (hereinafter "Vineyard"), in person and by counsel, Taryn R. Dissett. This matter came on for hearing on August 27th, 2025, before the Court on Plaintiff Harlee G. Vineyard's Motion for Default Hearing on Damages and Vineyard presented her evidence of damages. The Court, having already entered judgment by default against Defendant VO Logistics, Inc. on July 1, 2025, now awards the following damages against VO Logistics, Inc., as described below, and enters judgment accordingly based on the evidence and testimony presented at the hearing:

1. That Vineyard was employed by VO Logistics, Inc. in March of 2023.

2. That Vineyard paid forty ($40) dollars for her uniform costs.

3. That Vineyard worked fifteen (15) days without being paid the day rate of $175, which was the wage promised to her.

4. That VO Logistics terminated Vineyard on March 25, 2023.

5. That Vineyard filed her amended complaint in the Southern District Court of Indiana on May 25, 2023 seeking payment of unpaid wages.

6. That Vineyard's claim against VO Logistics arises under the Indiana Wage Claims Act, I.C. § 22-2-9.

7. VO Logistics, Inc. was properly served through the Indiana Secretary of State. The affidavit of service was filed on June 20, 2023. (Doc 17)

8. That VO Logistics failed to appear or respond despite proper service.

9. That this Court granted an Entry of Default was granted against VO Logistics on June 12, 2025.

Based on the above and foregoing findings, the Court enters the following judgment accordingly.

**Judgment Against VO Logistics Inc.**

a. Vineyard was not paid her $175.00 per day wage for her fifteen days of work. The $2,625 amount of wages she is owed is trebled under I.C. § 22–2–9–2.   $7,875.00

b. Vineyard was instructed to pay VO Logistics, Inc. $40 in illegal kickbacks for uniform costs. That $40 amount owed is trebled under I.C§ 22–2–9–2.   $120.00

**Judgment to Ms. Vineyard**   **$7,995.00**

The Court further awards Plaintiff her reasonable attorneys' fees and costs in the sum of $11,325. Plaintiff presented her attorneys' bill for services at trial. Plaintiff is entitled to an award of her attorneys' fees under I.C. § 22–2–9–2 and also as prevailing party on her claims under the Fair Labor Standards Act. The total judgment in Plaintiff's favor entered against VO Logistics is nineteen thousand three hundred and twenty dollars **($19,320.00).**

SO ORDERED THIS 8th DAY OF SEPTEMBER, 2025.

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

VO Logistics, Inc.
c/o Service of Process
Indiana Secretary of State
302 West Washington Street
Room E-018
Indianapolis, IN 46204

Served electronically on all ECF-registered counsel of record.